I,JAMES A. GRAY, Judge Pro Tem.,
dissenting.
I respectfully dissent from the majority’s affirmance of the trial court’s judgment, which I believe to be manifestly erroneous in light of the evidence.
According to the record, the basis of the trial judge’s allocation of fault was her conclusion that Ms. Pounds should have seen Ms. Casimire and Ms. Casimire should have seen Ms. Pounds. However, the testimony and the police report, which was introduced into evidence by stipulation, indicates that Ms. Casimire had no duty to see Ms. Pounds because Ms. Casi-mire’s vehicle was entering the far right lane of the interstate, where she had the right to be, and Ms. Pounds’ vehicle was in the middle lane. The evidence also shows that the collision occurred in the right lane. Ms. Pounds therefore had the duty to check for the presence of other vehicles before she switched over to the right lane. Because she failed to carry out this duty, I would assign 100% fault to Ms. Pounds.
In addition, I would award the plaintiff, Ms. Casimire, her medical expenses, plus some amount for pain and suffering, in view of her uncontroverted testimony regarding her injuries and the fact that she received medical treatment and therapy for approximately four months.
Accordingly, I would reverse the judgment of the trial court.